UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGETTE HUTCHISON,

          Plaintiff,

vs.                              Case No. 2:08-cv-741-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #17) filed on October 26, 2009, recommending that the Commissioner of Social Security's decision to deny social security disability benefits be affirmed. Plaintiff filed Objections (Doc. #18) on November 9, 2009, to which defendant filed a Response (Doc. #19) on November 23, 2009.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford,

363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.

The Administrative Law Judge (ALJ) found that plaintiff had the residual functional capacity to perform a restricted range of sedentary work, and that she could understand, remember and carry out both simple and detailed instructions, work effectively with others, and be cooperative and appropriate. (Tr. 18.) The ALJ elicited testimony from a vocational expert (VE) to determine the extent to which plaintiff's residual functional capacity limitations eroded the unskilled sedentary occupational base. (Tr. 23.) The ALJ found that "[t]ransferability of job skills is material to the determination of disability in this case as the claimant is currently closely approaching advanced age. The [VE] testified that the claimant's transferable skills included

knowledge of and operation of computer systems as well as familiarity with software systems." (Tr. 23.) At Step 5 of the sequential process,[1] the ALJ found, based upon the testimony of a VE and considering the Grids as a guideline, that plaintiff could perform the work requirements of certain unskilled sedentary occupations such as a food/beverage order clerk and a surveillance system monitor, and was therefore not disabled. (Tr. 23-24.)

The Objections raise two arguments: (1) The Court should reject the magistrate judge's finding that plaintiff was properly found to have transferrable skills because the ALJ did not find that plaintiff could use these skills in any other work the VE identified as being within plaintiff's residual functional capacity; and (2) the Court should reject the magistrate judge's finding of fact that plaintiff did not have a limitation in concentration, persistence and pace, and find error in the magistrate judge's conclusion that the ALJ was thus not required to include this limitation in her hypothetical question to the VE.

**A. Transferrable Skills**

Plaintiff argues that she cannot use any of the skills the VE found she possessed because the VE only identified unskilled jobs that she could perform, i.e., jobs that did not require the use of her transferrable skills. Plaintiff argues that, without a finding that plaintiff could actually use these transferrable skills in the

---

[1]See Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997); (Doc. #17, p. 11, n.2).

identified jobs she could perform, the ALJ violated Social Security Ruling 82-41.  Plaintiff further argues that she should be treated as an unskilled worker because she cannot use the skills in any other work.  Treating plaintiff as an individual who does not have transferrable skills (because she cannot use her skills in any other work she can perform) results in a finding of disability under Grid Rule 201.10 as of plaintiff's 50th birthday, on October 19, 2005.  Plaintiff argues that under SSR 83-5a, this Grid rule "trumps" the testimony of the VE that she is not disabled.  Therefore, plaintiff asks the Court to remand the case with instructions that she be found disabled as of October 19, 2005.

The ALJ's determination was made at Step 5 of the evaluation process.  At Step 5, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that claimant is able to perform.  Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996).  The ALJ uses the claimant's residual functional capacity (RFC), age, education, and work experience to determine if other work is available in significant numbers in the national economy that the claimant can perform.  Phillips, 357 F.3d at 1239.  Under some circumstances, the ALJ may use the Medical Vocational Guidelines, 20 C.F.R. pt. 404 subpt. P, app. 2 (the "Grids") to satisfy the burden; otherwise, the ALJ may be required to call a VE.  Id. at 1239-40; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).  Exclusive reliance on the Grids is not appropriate either when the claimant is unable to perform a full range of work at a given

residual functional level or when she has non-exertional impairments that significantly limit basic work skills. Phillips at 1242. As summarized in Wolfe:

> When the Secretary determines that a claimant is unable to return to his past work, the burden is on the Secretary to show that there is other work in the national economy that the claimant can perform. The ALJ must take into account the claimant's age, education, and previous work experience. The ALJ should not rely exclusively on the grids when the claimant has a nonexertional impairment that significantly limits his basic work skills or the claimant cannot perform a full range of employment at the appropriate level of exertion. If nonexertional impairments exist, the ALJ may use the grids as a framework to evaluate vocational factors but also must introduce independent evidence, preferably through a [VE]'s testimony, of the existence of jobs in the national economy that the claimant can perform.

Wolfe, 86 F.3d at 1077-78.

Here, the ALJ correctly determined that because of exertional and non-exertional limitations, the Grids could only be used as a framework. Therefore, since the Grids are not controlling, the Court rejects the argument that plaintiff must be found disabled under the Grids. Plaintiff cannot be placed in a category on the Grids when her conditions do not satisfy all of the Grids' requirements. Range v. SSA, 95 Fed. Appx. 755, 757 (6th Cir. 2004). The Court also rejects any suggestion that plaintiff is not physically or mentally able to use the identified skills. The testimony of the VE provides substantial competent evidence to support the ALJ's finding. "An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his past work, whether the claimant has transferable skills, and

whether the claimant can perform other jobs." <u>Zimmer v. Comm'r of Soc. Sec.</u>, 211 Fed. Appx. 819, 820 (11th Cir. 2006) (citing <u>Jones v. Apfel</u>, 190 F.3d 1224, 1229 (11th Cir. 1999)). "The VE's testimony 'trumps' other sources of information with regard to skill level and alternative jobs." <u>Zimmer</u>, 211 Fed. Appx. at 820 (citing <u>Jones</u>, 190 F.3d at 1229-30). Unless the VE is proven incorrect, the ALJ may rely on the VE's testimony. <u>Id.</u> Here, substantial competent evidence supports the ALJ's finding that plaintiff could perform other work in the national economy based on the VE's testimony. The Court also finds no violation of Social Security Ruling 82-41, which provides in part that "even if it is determined that there are no transferable skills, a finding of 'not disabled' may be based on the ability to do unskilled work." Therefore, plaintiff's objections to this aspect of the Report and Recommendation are overruled.

**B. Hypothetical Question to Vocational Expert**

Plaintiff argues that it was error for the ALJ to fail to include a concentration limitation in her hypothetical question to the VE, and that the magistrate judge made findings of fact contrary to those of the ALJ. The Court finds neither argument meritorious. The ALJ found severe impairments including depression at Step 2 of the evaluation process, but found no severe limitations on plaintiff's residual functional capacity at Steps 4 or 5. The statement by the magistrate judge (Doc. #17, p. 19) is not contrary to the ALJ's findings. The ALJ's failure to include

such a limitation is supported by substantial competent evidence. Accordingly, the objections are overruled.

After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation. Therefore, the Report and Recommendation is accepted and adopted, and the decision of the Commissioner will be affirmed.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #14) is **ACCEPTED AND ADOPTED** by the Court.

2. The Decision of the Commissioner of Social Security is **AFFIRMED**.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of December, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge


Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record